## WILLIAMS v. DAIKER et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

MECHANIC'S LIEN—STATEMENT—EXCESSIVE.

Where a mechanic's lien, as filed, claimed in detail the furnishing of sand for an amount of brick greater than used in the building, the lienor having ceased delivering sand before completion thereof, and it was concededly for more than double the amount due plaintiff, and no explanation was given, it was properly dismissed.

Appeal from special term, New York county.

Action by Elizabeth A. Williams against George Daiker and others. From a judgment in favor of defendants (68 N. Y. Supp. 348), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Chas. A. Winter, for appellant.
John E. Brodsky, for respondents.

O'BRIEN, J. The lien, as filed, contained statements in detail as to the amount of sand furnished for different purposes, which must have been the result of some calculation, because given with exactness. The aggregate sum claimed in the lien was $5,932.79, giving a credit of $1,250, and claiming a balance due of $4,682.09. A statement in the lien is that all the work and materials for which the claim is made have been actually performed and furnished; and the amount now claimed, therefore, is as above stated. Upon the trial plaintiff admitted that the claim was excessive, that he abandoned the contract, and that the claim after the payment should be limited to $2,040, which was all that he was entitled to recover. The lien, as filed, therefore, was concededly for more than double the amount due the plaintiff. In determining whether the error or mistake was honest or intentionally false, we have the fact that

the lienor himself had charge of the work, and that he himself was responsible for the error. Some of the cases relied upon, therefore, where the mistake was made by subordinates upon whom the lienor relied, are not applicable. Here the lienor knew he had not furnished sand for 3,000,000 brick, for he made his estimate on 1,250,- 000 brick, and abandoned the contract when he found that sand for 3,000,000 brick was required. This is also true with respect to sand for plastering. Thus he had abandoned the contract, and no satisfactory explanation is given for the statement that all the work and materials had been supplied for which the claim is made. It is impossible to escape the conclusion reached by the learned trial judge that the claim as made was "grossly exaggerated, extremely inaccurate, and clearly false."

The judgment should be affirmed, with costs. All concur.